1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 9/1/10**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

ELAN and REVEREND ORACLE,

                    Plaintiffs,

          v.

SANTA CRUZ COUNTY PLANNING
DEPARTMENT; TOM BURNS; SANTA CRUZ
COUNTY; ELLEN PIRIE; JAN BEAUTZ; NEAL
COONERTY; TONY CAMPOS; and MARK W.
STONE,

                    Defendants.

Case Number C 09-373 JF (PVT)

**ORDER[1] GRANTING IN PART
AND DENYING IN PART MOTION
FOR LEAVE TO FILE MOTION
FOR RECONSIDERATION**

[Docket No. 59]

Plaintiffs Elan and Reverend Oracle ("Plaintiffs") seek leave to file a motion for
reconsideration of the Court's order of May 4, 2010, granting in part and denying in part the
motion for summary judgment brought by Defendants Santa Cruz Planning Department, Tom
Burns, Santa Cruz County, Ellen Pirie, Jan Beautz, Neal Coonerty, Tony Campos, and Mark
Stone ("Defendants"). Plaintiffs contend that the May 4, 2010 order is erroneous with respect to

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-373 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
(JFEX1)

three issues: (1) whether Plaintiffs' claim for damages in connection with a petition for writ of mandate remains viable even though the equitable aspect of the mandamus claim is moot, (2) whether Plaintiffs' evidence is sufficient to show that Defendants' actions were arbitrary and capricious, and (3) whether Plaintiffs' constitutional rights were violated at the time of the initial recordation of the notice of violation.  The order is clarified below.  Leave to file a motion for reconsideration will be granted in part and denied in part.

At the hearing on Defendants' motion for summary judgment, while conceding that the equitable aspects of their mandamus claim are moot, Plaintiffs contended that their claim for damages in connection with the mandamus claim remains viable.  Plaintiffs directed the Court's attention to *Poschman v. Dumke*, 31 Cal. Appl. 3d 932, 943-44 (1973), *overruled on other grounds by Armistead v. State Personnel Board*, 22 Cal. 3d 198, 204 n.3 (Cal. 1978), in which the appellant claimed that he wrongfully had been denied tenure.  Although the plaintiff eventually was granted tenure, the court concluded that "the grant of tenure some 20 months after it should have been granted does not cure loss of additional salary, consideration for promotion, and service benefits that depend upon length of tenure and will be operative throughout appellant's academic career.  Appellant's claim for damages in that regard is not moot."  At the same hearing, this Court stated that while "the mandamus claims are moot," this "[does not] necessarily dispose[] of Plaintiffs' entitlement to fees and damages."  (Tr. 3:10-12.) The Court hereby clarifies its order of May 4, 2010 and notes that Plaintiffs claim for damages in connection with their mandamus claim is not moot.  Accordingly, reconsideration of this issue is unnecessary.

Plaintiffs' motion for leave otherwise will be granted.   Defendants' opposition, which shall not exceed fifteen (15) pages in length, shall be filed on or before September 8, 2010. Plaintiffs' may file a reply on or before September 15, 2010.  The Court will notify counsel if it wishes to hear oral argument.

Case No. C 09-373 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
(JFEX1)

1    **IT IS SO ORDERED**

2     DATED:  9/1/10

3                                          _____
                                           JEREMY FOGEL
                                           United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Case No. C 09-373 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
(JFEX1)