\*\*E-Filed 11/12/10\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN and REVEREND ORACLE,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SANTA CRUZ COUNTY PLANNING DEPARTMENT; TOM BURNS; SANTA CRUZ COUNTY; ELLEN PIRIE; JAN BEAUTZ; NEAL COONERTY; TONY CAMPOS; and MARK W. STONE,<br><br>　　　　　Defendants. | Case No. 5: 09-cv-00373 JF (PVT)<br><br>**ORDER[1] (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS IN LIMINE**<br><br>[Docket Nos. 61, 63-65, 82] |

　　Plaintiffs Elan and Reverend Oracle ("Plaintiffs") move *in limine* to exclude certain evidence at jury trial. Defendants Santa Cruz County (the "County"), Santa Cruz Planning Department, Tom Burns, Ellen Pirie, Jan Beautz, Neal Coonerty, Tony Campos, and Mark Stone ("Defendants") also move *in limine* to exclude certain evidence. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on

---

[1] This disposition is not designated for publication in the official reports.

October 15, 2010. For the reasons discussed below, the motions will be granted in part and denied in part as set forth below.

## I. BACKGROUND

### A. Factual background

The factual background of this case was detailed extensively in an order dated May 4, 2010, (Docket No. 56), and again in an order dated October 6, 2010, (Docket No. 79). The essential facts are as follows: Plaintiffs owned property at 396 Tolak Road. The property contained a hedge six feet in height running adjacent to a curving road. Plaintiffs were instructed to seek a permit from the County because the hedge was more than three feet in height. The permit was granted with conditions. Plaintiffs found the conditions to be objectionable and withdrew the application. Defendants then posted a notice of violation ("NOV"), or "red tag," on the property because of the existing hedge and advised Plaintiffs that the NOV would be recorded unless Plaintiffs reduced the height of the hedge or obtained a permit for the existing hedge. Plaintiffs filed a second permit application, and Code Enforcement Supervisor Ken Hart ("Hart") promised Plaintiffs that the NOV would not be recorded while Plaintiffs were pursuing the application. County Project Planner Alice Daly ("Daly") was assigned to review the application, and Plaintiffs submitted data from an engineer, Ron Marquez ("Marquez"), concerning the safety of the curve assuming a hedge up to six feet in height. Despite Hart's promise, the NOV was recorded erroneously. Daly approved the permit application but again imposed conditions. Plaintiffs again found the conditions objectionable and filed the instant action, alleging *inter alia* that their rights to procedural due process, substantive due process, and equal protection were violated by Defendants' actions. The NOV later was expunged, and the permit was granted unconditionally.

### B. Issues remaining for trial

In its order dated May 4, 2010, the Court concluded that the only issue remaining for trial was whether Plaintiffs' rights to procedural due process were violated by Defendants' failure to expunge the NOV after learning that the NOV had been recorded in error. On reconsideration, in an order dated October 6, 2010, the Court found that Plaintiffs' evidence also creates a

2

genuine dispute of material fact with respect to whether Daly acted arbitrarily and capriciously in reviewing Marquez's engineering data. In so holding, the Court reinstated Plaintiffs' claims for the violation of their rights to substantive due process and equal protection. In addition, the Court held that there is a genuine dispute of material fact with respect to whether Hart acted with deliberate indifference in failing to prevent the recordation of the NOV.

## II.  DISCUSSION

A.  **Defendants' motions** *in limine*

Defendants seek to exclude evidence and argument with respect to (1) Santa Cruz County Code Chapter 13.10.525(c)(3); (2) the Santa Cruz County Building and Fire Code Appeals Board ("BAFCAB"); (3) properties other than 396 Tolak Road; (4) expert or opinion testimony of retired code enforcement supervisor David Laughlin ("Laughlin"); (5) testimony from Sally Lyng ("Lyng") or any other person with respect to whether the recorded NOV caused Plaintiffs to be unable to sell their property, and (6) other miscellaneous documents that do not fit into these categories.[2]

### 1.  **Santa Cruz County Code Chapter 13.10.525 (Defendants' third motion *in limine*)**

Santa Cruz County Code Chapter 13.10.525 regulates the location and height of fences, hedges, and retaining walls. The Court has ruled as a matter of law that Chapter 13.10.525(c)(3) does not provide an exemption for Plaintiffs' desired hedge and fence and that Chapter 13.10.525 is not preempted by the California Building Code. (Docket No. 79 at 15-17.) Accordingly, evidence and argument with respect to either point is irrelevant. However, minimal information with respect to Chapter 13.10.525 may be admissible to provide background information with respect to the motivations for certain actions by the parties in

---

[2] Defendants also had sought to exclude evidence concerning (1) Plaintiffs' permit applications, (2) the County's policies and procedures for permitting fences or hedges in front-yard setbacks, (3) code enforcement activity that occurred before the NOV was recorded, (4) testimony from Marquez, and (5) testimony from Gary K. Black. Subsequent to the Court's order of October 6, 2010, Defendants withdrew their motions *in limine* with respect to these matters, without prejudice to appropriate objections a trial. (Docket No. 82.)

3

Case No. 5:09-cv-00373 JF (PVT)
ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE ETC.
(JFEX1)

pursuing their respective courses of action.

### 2. The BAFCAB (Defendants' fourth motion *in limine*)

The BAFCAB, which was dissolved subsequent to the filing of this action, was a local appeals board with jurisdiction over building permit issues. Defendants seek to exclude all evidence and argument with respect to the BAFCAB, and the Court determined as a matter of law in its order dated October 6, 2010 that the BAFCAB did not have jurisdiction to hear an appeal of the County's decisions in this matter. (Docket No. 79 at 17-20.) Accordingly, evidence – e.g., Defendants' Exhibits 35, 38, 63, 64, and 65 – and argument with respect to the BAFCAB is irrelevant.

### 3. Neighboring Properties (Defendants' sixth motion *in limine*)

Defendants contend that evidence concerning properties other than 396 Tolak Road is irrelevant and unfairly prejudicial.[3] Plaintiffs claim that evidence of other properties with hedges greater than three feet in height supports an inference that Daly acted arbitrarily and capriciously and that Hart acted with deliberate indifference. While such evidence would be insufficient standing alone, evidence showing that Daly was aware that other similar properties had hedges greater than three feet in height – together with the other evidence discussed in the Court's order of October 6, 2010[4] – could support an inference that Daly's consideration of Marquez's engineering data was arbitrary and capricious. Similarly, if Plaintiffs can show that Hart was aware of comparable properties that had not been encumbered by NOVs, such evidence could support an inference that Hart acted with deliberate indifference by failing to prevent the recordation of the NOV on Plaintiffs' property despite his promise.

Moreover, as discussed above, the Court has reinstated Plaintiffs' equal protection claim.

---

[3] Defendants agree that appraisal information with respect to other properties may be relevant to the damages analysis, although they also contend that Plaintiffs have not presented sufficient evidence to establish causation. The latter point is discussed below.

[4] As discussed in the order dated October 6, 2010, Daly stated that she saw no reason to dispute Marquez's engineering data and attempted to apply that data to her decision-making process. However, she reached a decidedly different conclusion from Marquez and did not articulate an explanation for that difference.

4

Defendants contend that evidence with respect to other properties is irrelevant to this claim because the claim is based upon the "class of one" theory discussed in *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The "class of one" theory applies where a plaintiff asserts an equal protection claim that does not involve the plaintiff's membership in a class or group. *Id.* Such a claim may be successful "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* (citing *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441 (1923); *Allegheny Pittsburgh Coal Co. v. Comm'n of Webster Cnty.*, 488 U.S. 336 (1989)). Evaluation of Plaintiffs' equal protection claim in this case requires a comparison of the treatment of their property to the treatment of similarly-situated properties.

Defendants point out that Plaintiffs have not presented evidence with respect to *permitting decisions* concerning similar properties. Nonetheless, Plaintiffs still may present evidence of similar properties with hedges greater than three feet in height that were not the subject of adverse action by the County, as such evidence might be relevant to the question of whether Plaintiffs received differential treatment when Daly imposed conditions on the approval of their permit application. However, before evidence concerning other properties may be admitted, Plaintiffs must show that these properties actually are similar to theirs. The admissibility of evidence with respect to other properties thus must be determined on a case-by-case basis at trial.

    **4.**    **Expert or opinion testimony of Laughlin (Defendants' tenth motion *in limine*)**

Laughlin is a retired code enforcement supervisor hired by Plaintiffs to represent them in their dealings with the County following the posting of the NOV, and Plaintiffs have designated Laughlin as an expert witness. While Defendants seek to exclude Laughlin from offering expert or opinion testimony, Plaintiffs do not identify any specific testimony they seek to admit, and Defendants do not identify specific testimony they seek to exclude. Thus, the Court is left to analyze the issue in the abstract. Defendants concede that Laughlin may testify as a lay witness to "discuss code enforcement practices from a factual perspective." (Defs.' Mot. at 27:27-28:1.)

5

Case No. 5:09-cv-00373 JF (PVT)
ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE ETC.
(JFEX1)

In addition, lay witnesses may offer opinions or inferences that are:

> (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of [Federal Rule of Evidence] 702.

FED. R. EVID. 701. To the extent that Plaintiffs intend to call Laughlin as a percipient witness, Laughlin's own personal experience at the County's code enforcement office and opinions or inferences that have been shaped by those experiences are based rationally on his perception. Such testimony also might be helpful to the jury's determination as to how Daly reached her conclusions, as well as how and why the NOV was recorded and how it might have been expunged. Accordingly, Laughlin may testify as a percipient witness with respect to the custom and practice of the County's code enforcement office, provided that Plaintiffs establish that Laughlin's personal experience with that office is close enough in time to the events at issue to be probative.

However, if a witness offers an opinion based upon "scientific, technical, or other specialized knowledge," the witness must be "qualified as an expert by knowledge, skill, experience, training, or education," and may testify only if:

> (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. If Plaintiffs seek to call Laughlin to testify to opinions not based upon his personal perceptions, Plaintiffs must show that Laughlin is qualified as an expert witness under Rule 702, a showing that has not been made to this point.

**5.  Testimony from Lyng or any other person with respect to whether the recorded NOV caused Plaintiffs to be unable to sell their property (Defendants' eleventh and twelfth motions *in limine*)**

Lyng is a real estate agent who assisted Plaintiffs in selling their property. She has been designated by Plaintiffs as an expert witness. Plaintiffs contend that they have suffered economic damages because the recorded NOV prevented them from selling the property for approximately sixteen months, during which the housing market suffered a significant decline. Plaintiffs claim economic damages in the amount of the difference between their initial listing

6

price and the ultimate selling price.[5] Defendants anticipate that Lyng will be called to testify that the NOV prevented Plaintiffs from selling the property until the NOV was expunged.

Lyng states that she has personal knowledge with respect to potential buyers of Plaintiffs' property who were deterred by the NOV, because some potential buyers "said so" specifically. (Defs.' Ex. 112 at 95: 13-17). Such out-of-court statements by potential buyers are admissible as statements of the declarants' then-existing state of mind. FED. R. EVID. 803(3). Defendants point out that Lyng, at her deposition, could not recall the name of any specific buyer or agent that was deterred by the NOV, (*id.* at 96:10-14), and that Plaintiffs may have refused an offer that was more than $500,000 higher than the eventual selling price of the property, (*id*. at 74:21-75:1). However, the former point goes to the weight of Lyng's testimony, and the latter point demonstrates the existence of a dispute of material fact with respect to whether the property did not sell because of the NOV or because Plaintiffs' asking price was too high. Neither point addresses the admissibility in the first instance of Lyng's testimony with respect to whether specific potential buyers were deterred by the recordation of the NOV. Accordingly, Lyng may testify as a percipient witness with respect to her role in the sale of Plaintiffs' property.

Plaintiffs also seek to admit testimony from Lyng to the effect that no buyer would purchase a premium property encumbered by a NOV,[6] with respect to the effects of a recorded NOV, and with respect to the County's intended purpose in recording NOVs. Plaintiffs have not established that Lyng's personal perceptions, knowledge, skill, experience, training, or education is adequate to support such opinions. While Lyng claims to have spoken with an unidentified number of potential buyers who were concerned about the NOV, this is insufficient to support an inference that all buyers would be so disturbed by a NOV that they would be deterred

---

[5] California law recognizes a tort for the "disparagement of title," allowing recovery for "[t]he loss or impairment of ability to sell, the measure being the difference between the normal price and the salable value or depressed sale price afterwards . . . ." 6 B.E. WITKIN ET AL., SUMMARY OF CALIFORNIA LAW, TORTS, § 1703 at 1232 (10th ed. 2005) (citing *inter alia Davis v. Wood*, 61 Cal. App. 2d 788, 799 (Cal. App. 3 Dist. 1943)). "It is not necessary to show that a particular pending deal was hampered or prevented; recovery may be had for the depreciation in market value of the property." *Id.* (citing *inter alia Davis*, 61 Cal. App.2d at 799).

[6] Plaintiffs sought originally to sell their property for more than $2 million.

7

completely from purchasing a NOV-encumbered premium property. At her deposition, Lyng was asked whether she had "sold properties with red tags on before," to which she responded "[n]o . . ." (Defs.' Ex. 112 at 54:13-15.) Both the question and the resulting answer are ambiguous, at least as to whether Lyng has been involved in the sale of another property with a NOV in place at the time of listing that subsequently was sold after the NOV was removed. Accordingly, the current record is insufficient to permit a determination as to whether Lyng is qualified under Rule 701 or 702 to offer testimony with respect to whether a recorded NOV would deter all buyers of this or similar properties.

Further, Lyng only could speculate in her deposition testimony as to why a NOV might deter buyers. (Defs.' Ex. 112 at 98:4-15 (Lyng commenting that she did not "think" a buyer could obtain a loan for a property encumbered by a NOV, that she did not know if a title company would ensure such a property, and that she was "not sure" if the County could transfer a title encumbered by a NOV).) Plaintiffs do not offer evidence of Lyng's personal experience with obtaining loans for properties encumbered by NOVs, obtaining title insurance for such properties, or transferring title on such properties. Nor do Plaintiffs offer an explanation of the data and methods relied upon by Lyng to reach her conclusions on this subject. Finally, Plaintiffs do not explain the basis for Lyng's opinion with respect to the County's intended purposes in recording NOVs.[7]

If Plaintiffs seek to have Lyng testify with respect to these points, they either must present further evidence that Lyng's opinions are based rationally on her own experience, FED. R. EVID. 701, or must show that Lyng's testimony is based upon sufficient facts or data, that the testimony is the product of reliable principles and methods, and that Lyng has applied the principles and methods reliably to the facts of the case, as required by Fed. R. Evid. 702.[8]

---

[7] Plaintiffs point to evidence of internal County documents suggesting that the County recorded NOVs to prevent property owners from selling the affected properties. While such evidence could be admissible in its own right, Plaintiffs may not introduce testimony from Lyng as to this point unless they satisfy Fed. R. Evid. 701 or 702.

[8] Plaintiffs contend that the expert testimony of a real estate agent is "traditional opinion evidence," (Pls.' Opp'n at 13:6), and thus is not subject to the standards of admissibility

Defendants are concerned that Plaintiffs may seek to call expert witnesses other than Lyng to testify that the NOV caused Plaintiffs to be unable to sell their property. However, because Plaintiffs have not disclosed expert witnesses other than Lyng who might be called to testify with respect to this point, Plaintiffs may not call such witnesses. FED. R. CIV. P. 26(a)(2)(A).

### 6. Defendants' miscellaneous objections (Defendants' seventh motion *in limine*)

Defendants seek to exclude four miscellaneous documents. (Defs.' Exhs. 20, 40, 66, and Plaintiffs' Second Amended Complaint.) Plaintiffs oppose the exclusion of Exhibits 20 and 40. Exhibit 40 is a letter dated September 11, 2008 from Susan Mauriello, a county administrative officer, to the Santa Cruz County Board of Supervisors concerning a response to the 2007-08 Final Report from the Santa Cruz County Grand Jury. The letter discusses the County's policies for taking enforcement action upon learning of a code violation, specifically with respect to the County's fencing regulations. Although Defendants contend that the document is irrelevant, is it directly relevant to Plaintiffs' equal protection claim. As discussed above, resolution of the claim depends upon the comparison of the treatment of Plaintiffs' property to that of similarly situated properties.

Exhibit 20 is an email chain dated March 5, 2008 between Plaintiffs and Code Compliance Investigator Kevin Fitzpatrick ("Fitzpatrick"). In an email with the subject line "Re: Kevin: You are mistaken again," Reverend Oracle stated that she holds three ministers licenses. (Defs.' Ex. 20.) Fitzpatrick responded, "would they be minister licenses of Babylon the Great" [sic]. (*Id.*) Plaintiffs replied to Fitzpatrick, expressing disapproval of his statement and requesting that he not contact them in the future. (*Id.*) Defendants contend that the email chain is irrelevant to the remaining issues and that its probative value is outweighed substantially by the danger that it will be unfairly prejudicial. Plaintiffs assert that the email is

---

articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). *Daubert*'s "general holding" applies to expert testimony based upon scientific, technical, or other specialized knowledge, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). If unsupported by personal experience, the opinion of a real estate agent with respects to these points is based upon such specialized knowledge. Thus, while *Daubert*'s list of specific factors "neither necessarily nor exclusively applies to all experts or in every case," the Court still must act as a "gatekeeper" to determine the reliability of such expert testimony. *Id.*

relevant to both Daly's and Hart's state of mind. Fitzpatrick was in communication with Daly concerning Plaintiffs' second application, and he recommended that Daly deny that application. (Defs.' Ex. 13.) Fitzpatrick's inappropriate conduct could support an inference that his disposition toward Plaintiffs impacted Daly's decision making. Plaintiffs claim that Hart's actions also may have been influenced by Fitzpatrick's negative disposition toward them, making it more likely that Hart acted with deliberate indifference in not preventing the recordation of the NOV. It is undisputed that Hart was aware of this email from Fitzpatrick, (Deposition of Ken Hart, Docket No. 31 Ex. C at 66:24-67:5), and it is conceivable that Fitzpatrick's disposition toward Plaintiffs impacted Hart's actions as well. While the evidence could be prejudicial, the evidence also has probative value that is not substantially outweighed by the risk of prejudice.

**B.   Plaintiffs' motions *in limine***

Plaintiffs seek to exclude evidence and argument with respect to (1) a letter dated April 24, 2007 from James Jeffrey, (2) testimony of Thomas Jacobson, and (3) "settlement discussions" between Plaintiffs and the County.

### 1.   Letter dated April 24, 2007 from James Jeffrey (Plaintiffs' first motion *in limine*)

Plaintiffs move to exclude a letter dated April 24, 2007 from James Jeffrey ("Jeffrey") to Roger Pase. (*See* Docket No. 32, Ex. S.) Defendants claim that Jeffrey is an expert traffic engineer. In the letter, Jeffrey contends that the safety of the curve adjacent to Plaintiffs' property is impacted negatively by the presence of a hedge greater than three feet in height. At trial, Plaintiffs intend to call Marquez to explain the engineering data that he submitted to Daly, which suggest that the curve is safe even with a hedge six feet in height. Defendants seek to present evidence of Jeffrey's opinion to refute Marquez's testimony with respect to the safety of the curve.[9]

---

[9] While they do not dispute Jeffrey's qualification as an expert under Fed. R. Evid. 702, Plaintiffs contend that allowing Jeffrey to testify as an expert witness would violate Fed. R. Civ. P. 26(b)(4) because Defendants did not designate Jeffrey as an expert. However, on November 3, 2009, Defendants did disclose Jeffrey as a rebuttal expert who "may provide rebuttal opinion

10

Case No. 5:09-cv-00373 JF (PVT)
ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE ETC.
(JFEX1)

The actual safety of the curve is relevant to Plaintiffs' equal protection claim. As discussed above, to prevail on that claim, Plaintiffs must show that their property "has been treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook*, 528 U.S. at 564. Thus, Plaintiffs must present evidence establishing that the conditions on their property were factually similar to those on other properties with hedges greater than three feet in height. Defendants contend that Plaintiffs' property is dissimilar to other properties because of the safety hazard created by the nature of this specific curve and the height of Plaintiffs' hedge. Accordingly, Defendants may offer Jeffrey's expert testimony.

However, the actual safety of the curve is not relevant with respect to all of Plaintiffs claims. For example, even if Jeffrey's opinion is correct, Plaintiffs' right to substantive due process still may have been violated if Daly acted arbitrarily and capriciously in reaching her decision. Defendants do not dispute that Daly did not rely upon Jeffrey's letter dated April 24, 2007. Accordingly, while Jeffrey's letter dated April 24, 2007 is admissible as a report of Jeffrey's expert opinion, it is inadmissible to explain the actions or decisions of the County or its employees.

**2.     Testimony of Thomas Jacobson (Plaintiffs' second motion *in limine*)**

Plaintiffs move to exclude the testimony of Thomas Jacobson, who has been designated by Defendants as an expert witness with respect to the interpretation of County Code Chapter 13.10.525. As discussed above, Chapter 13.10.525(c)(3) does not exempt Plaintiffs' hedge and fence from permitting requirements, and the California Building Code does not preempt Chapter 13.10.525(c)(2). Because only minimal evidence with respect to Chapter 13.10.525 is necessary to provide the jury with the context of the instant action, Jacobson's testimony, if any, should be quite limited.

///

---

testimony on issues of traffic engineering, sight distance problems, and related issues associated with the hedge in the front-yard setback at 396 Tolak Road." (Affidavit of Jason Heath, Docket No. 80 at Ex. A.)

11

Case No. 5:09-cv-00373 JF (PVT)
ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE ETC.
(JFEX1)

**3.   Evidence with respect to settlement communications (Plaintiffs' third motion *in limine*)**

Plaintiffs move to exclude evidence about the County's motivation for expunging the NOV and with respect to a recently rejected settlement offer made by Defendants pursuant to Fed. R. Civ. P. 68. Defendants do not object to the exclusion of evidence concerning the Rule 68 settlement offer. Defendants do object to the exclusion of evidence with respect to the County's motivation for expunging the NOV. Defendants anticipate that Plaintiffs will argue at trial that the expungement of the NOV is evidence of Defendants' alleged arbitrary and capricious conduct, because Defendants allegedly had no new information concerning the NOV at the time it was expunged. However, Plaintiffs' claim is based upon Defendants' failure to expunge the NOV sooner than it did. It is undisputed that the NOV was recorded in error, and there is no evidence that the NOV was expunged for any reason other than to correct that error. Accordingly, argument as to any other alleged motivation is irrelevant.

## III.  CONCLUSION

1)   Defendants' third and fourth motions *in limine* will be granted.

2)   Defendants' sixth motion *in limine* will be denied conditionally. The admissibility of evidence with respect to similar properties depends upon a factual showing that the properties in fact are similar to Plaintiffs' in legally significant ways.

3)   Defendants' seventh motion *in limine* will be granted to the extent that it is unopposed but otherwise will be denied for the reasons discussed above.

4)   Defendants' tenth, eleventh, and twelfth motions *in limine* will be granted in part and denied in part. Plaintiffs' witnesses, including Laughlin and Lyng, may testify with respect to matters within their personal knowledge and matters based upon their rational perceptions. To the extent that Plaintiffs seek to introduce further testimony of these witnesses, Plaintiffs must show that their testimony qualifies under Fed. R. Evid. 702.

4)   Plaintiffs' second motion *in limine* will be granted conditionally. To the extent

12

Case No. 5:09-cv-00373 JF (PVT)
ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE ETC.
(JFEX1)

that Defendants seek to admit Jacobson's testimony, they must show that this testimony is necessary to provide the jury with the context of the instant action.

5) Plaintiffs' third motion *in limine* will be granted in part.  Evidence with respect to the Rule 68 settlement offer and as to whether the County acted arbitrarily in expunging the NOV will be excluded.

6) The motions otherwise will be denied

**IT IS SO ORDERED**

DATED:  11/12/10

JEREMY FOGEL
United States District Judge